IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  vs.                                        No. CR 99-1026 LH

JESSE MONCLOVA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on United States' Motion to Reconsider Court's Memorandum Opinion and Order (Docket No. 61), filed July 5, 2000. The Court, having considered the briefs and arguments of the parties, concludes that the United States' motion shall be **denied.**

The United States moves this Court to reconsider its decision to grant a new trial on Count III. Although the Court has the power to revisit its prior decisions, "as a rule [the Court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988)(citation omitted). When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions. *Davis v. Lehane*, 89 F.Supp.2d 142, 147 (D. Mass. 2000). In order to accommodate these competing interests, a court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not

previously available; or (3) a clear error of law in the first order.[1]  *Id.*  It is not the purpose of a motion to reconsider to revisit issues already addressed or to advance new arguments that were otherwise available for presentation when the original motion was briefed.  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1992)(denying motion to reconsider order granting summary judgment).  The United States does not base its motion on an intervening change in the law or on the discovery of new evidence not previously available.  Therefore, the United States must demonstrate a clear error of law in the first order if the Court is to grant the motion.

The United States argues that the benefits of requiring a new trial are less than the costs of a new trial.  The United States suggests that the benefits of requiring a new trial are small because Defendant Monclova received a fair trial with no prejudicial spillover effect from Count I.  The Court considered this argument in its memorandum opinion and order granting a new trial on Count III and will not revisit it here.  Because I find that Cindy Gates' testimony was of the inflammatory sort that may have swayed the jury to convict Defendant Monclova on Count III, I conclude that there is a benefit in retrying Count III with Cindy Gates' testimony subject to impeachment with the immunity agreement.

As to the costs of reversal, the United States identifies the following: 1) jurors, witnesses, courts, the prosecution and the defendant will be required to expend further time, energy, and other resources to repeat a trial that has already taken place; 2) victims may be asked to relive their disturbing experiences; 3) the passage of time, erosion of memory, and dispersion of witnesses may render retrial difficult, even impossible; and 4) the delay to other defendants and other victims

---

[1] An order granting a new trial is an interlocutory order.  *Arenson v. Southern Univ. Law Center*, 963 F.2d 88, 89 (5th Cir. 1992).

awaiting their day in court.  (Mot. at 2, *citing United States v. Mechanik*, 475 U.S. 66, 72 (1986)); (Reply at 2).  Although it identified potential costs of a new trial, the United States did not address those costs in its briefs.  The Court, having compared the potential categories of costs *sua sponte*, finds that the costs of a new trial are not sufficient to reinstate the conviction on Count III.

First, the jurors and most, if not all, of the witnesses, the Court, the prosecution and Defendant Monclova will have to expend time, energy and other resources to repeat the trial on Count I.  Therefore retrying Count III with Count I will add little extra cost in terms of time, energy and other resources.  On retrial of Count III, only one victim, Tina Phillips, will be asked to relive her experience.[2]  But it is possible that the United States would call her as a witness anyway on retrial of Count I under Rule 413.  The passage of time between the first trial in January and the retrial currently scheduled for August, a period of about seven months, is not so great that the erosion of memories and dispersion of witnesses will render the retrial difficult or impossible.  Furthermore, the transcript from the first trial can be used to refresh memories and serve as a surrogate for unavailable witnesses.  Finally, the delay to other defendants and victims awaiting their day in court will be minimal as I expect that the retrial will last no longer than the first trial, which was completed in one and a half days.  "These societal costs of reversal and retrial are an acceptable and often necessary consequence when an error in the first proceeding has deprived a defendant of a fair determination of the issue of guilt or innocence."  *Mechanik*, 475 U.S. at 72.

Consequently, I conclude that the costs of reversal on Count III are minimal and are outweighed by the benefits of retrying Count III.  I also conclude that the United States did not

---

[2]There will be a retrial of Count I so the other victim, Cindy Gates, will, in all likelihood, testify about her experience.

demonstrate a clear error of law in my decision to grant a new trial on Count III. Therefore, the motion to reconsider will be denied.

Finally, the United States has requested oral argument "[b]ecause of the importance to this case and future cases involving 'spillover' issues." (Mot. at 12). The United States has had ample opportunity to make its arguments in the two sets of briefs and oral arguments already presented to the Court. The United States has not convinced me that a second oral argument would be anything but a revisitation of arguments it has already advanced. Therefore, the United States' request for oral argument will be denied.

**IT IS, THEREFORE, ORDERED** that United States' Motion to Reconsider Court's Memorandum Opinion and Order (Docket No. 61), filed July 5, 2000, is **denied.**

**UNITED STATES DISTRICT JUDGE**